IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID A. ALLEMANDI,<br>a/k/a June Woods, a/k/a Abdullah<br>Abdullah Al-Faruq Abdullah, | :<br>:<br>: |
| Plaintiff, | : |
| v. | :     Civ. No. 16-890-LPS |
| MONICA MILLS, M.D. and<br>DEDRA PARKER, M.D., | :<br>: |
| Defendants. | : |

David A. Allemandi, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

August 7, 2017
Wilmington, Delaware

STARK, U.S. District Judge:

# I. INTRODUCTION

Plaintiff David A. Allemandi ("Plaintiff"), filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] (D.I. 2) Plaintiff, who appears *pro se*, is incarcerated at the James T. Vaughn Correctional Center ("VCC) in Smyrna, Delaware and has been granted leave to proceed *in forma pauperis*. (D.I. 6, 9) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

# II. BACKGROUND

Plaintiff seeks testing, treatment, and a special diet for his medical conditions. On June 27, 2016, Plaintiff was promised that he would be seen by a physician. At some point, he was seen by a nurse, who referred Plaintiff to a physician. Later, on August 17, 2016, he was seen by Defendant, Dr. Dedra Parker ("Dr. Parker"). Dr. Parker ordered blood tests. It appears that Plaintiff believes additional tests should have been ordered. Plaintiff spoke to a nurse the next week and complained of gastrointestinal issues.

Plaintiff submitted a medical grievance and regular grievance regarding a medical diet. On September 19, 2016, the medical grievance's resolution was to refer Plaintiff to a dietitian. Plaintiff submitted a sick call slip on September 21, 2016 and was seen by a nurse on September 22, 2016. The nurse informed Plaintiff that he had emailed the dietitian several times regarding the special diet. The nurse also told Plaintiff that the average wait time to see a physician was well over a month. Plaintiff alleges that he is being "forced to suffer untreated while they take their time deciding when they want to treat" him. (D.I. 2 at 8) He seeks compensatory damages and

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

injunctive relief to prevent Defendants "from not providing temporary relief and aid while" he waits to be tested, diagnosed, and treated for his medical issues. (*Id.* at 12)

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule

12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). While "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, \_\_U.S.\_\_, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an

entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Personal Involvement

Dr. Monica Mills ("Dr. Mills") is named as a defendant. "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Here, under the liberal notice pleading standard of Rule 8(a), Plaintiff's complaint fails to allege facts that, if proven, would show personal involvement by Dr. Mills. A civil rights complaint is adequately pled where it states the conduct, time, place, and persons responsible. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980). The complaint here fails to include any of those elements. Indeed, Dr. Mills is not named in the body of the complaint.

Therefore, the Court will dismiss the claim against Dr. Mills for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and § 1915A(b)(1). However, since it appears plausible that Plaintiff may be able to articulate a claim against Dr. Mills or name alternative defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (leave to amend is proper where plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

4

### B. Medical

The complaint alleges that Plaintiff was seen by Dr. Parker, who examined him and ordered diagnostic testing. It appears that Plaintiff believes that Dr. Parker should have ordered additional tests. "[P]rison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993). A prisoner bringing a medical-needs claim "must show more than negligence; he must show 'deliberate indifference' to a serious medical need." *Id.* "Allegations of medical malpractice are not sufficient to establish a Constitutional violation," nor is "[m]ere disagreement as to the proper medical treatment." *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). In addition, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. Apr. 12, 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *Spruill*, 372 F.3d at 235 (citations omitted).

Even when reading the Complaint in the light most favorable light to Plaintiff, he fails to state an actionable constitutional claim against Dr. Parker for deliberate indifference to a serious medical need. Rather, the Complaint alleges that the medical tests ordered by Dr. Parker were not to Plaintiff's liking. Therefore, the Court will dismiss the claim against Dr. Parker as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## V. CONCLUSION

For the above reasons, the Court will: (1) dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and § 1915A(b)(1); (2) deny without prejudice to renew Plaintiff's request for injunctive relief (*see* D.I. 2 at 11); and (3) deny without prejudice to renew Plaintiff's motion for preliminary injunction (D.I. 11). Plaintiff will be given leave to amend the complaint.

An appropriate Order follows.