IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID A. ALLEMANDI, a/k/a June Woods, | : : : |
| Plaintiff, | : : |
| v. | : Civ. No. 16-890-LPS : |
| MONICA MILLS, et al., | : : |
| Defendants. | : |

**MEMORANDUM ORDER**

At Wilmington this 1st day of February, 2018, having considered Plaintiff's motions (D.I. 17, 19);

IT IS ORDERED that: (1) Plaintiff's motion to reopen (D.I. 17) is **granted**; the Clerk of Court is directed to **reopen** the case; Plaintiff shall file an amended complaint as set forth in the Court's August 7, 2017, memorandum and order (D.I. 13, 14), on or before February 28, 2018; and; the case will be closed should Plaintiff fail to timely file an amended complaint; (2) the Clerk of Court is directed to **provide** Plaintiff a copy of the August 7, 2017 memorandum opinion and order (D.I. 13, 14); and (3) Plaintiff's motion to consolidate (D.I. 19) is **denied** without prejudice to renew, for the following reasons:

1. **Introduction.** Plaintiff David A. Allemandi, a/k/a June Woods ("Plaintiff"),[1] an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action

---

[1] Plaintiff identifies as a female. Plaintiff filed an affidavit (D.I. 20) that her name is legally Hermione Kelly Ivy Winter, refers to a Delaware case, and asks the Court to update all records with her new name. The Court will continue to refer to Plaintiff as David A. Allemandi a/k/a June Woods until Plaintiff provides the Court with a State Court order verifying the name change.

1

pursuant to 42 U.S.C. § 1983. (D.I. 2) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) Before the court are two motions she filed. (D.I. 17, 19)

2. **Motion to Reopen**. On August 7, 2017, the Court screened the complaint, dismissed it, and gave Plaintiff to amend until on or before August 31, 2017. (D.I. 14) Plaintiff was warned the case would be closed should she fail to amend. (*Id.*) When Plaintiff had not filed an amended complaint by December 6, 2017, the Court entered an order that dismissed the complaint and closed the case. (D.I. 16)

3. Plaintiff moves to reopen the case on the grounds that the August 31, 2017 Order was never delivered to her. (D.I. 17) The Court will grant Plaintiff's motion to reopen.

4. **Motion to Consolidate**. Plaintiff moves to consolidate *Allemandi v. Richman*, Civ. No.17-1322-LPS, *Allemandi v. Munoz*, Civ. No. 17-1432-LPS, and this case. (D.I. 19) Federal Rule of Civil Procedure 42 provides for consolidation "[w]hen actions involv[e] a common question of law or fact . . . to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). Screening orders have not yet been entered in Civ. No. 17-1322-LPS or Civ. No. 17-1432-LPS. As a result, the motion to consolidate is premature. Therefore, it will denied without prejudice to renew.

5. **Conclusion**. The court will: (1) grant the motion to reopen (D.I. 17); and (2) deny without prejudice to renew the motion to consolidate (D.I. 19).

_____
UNITED STATES DISTRICT JUDGE