# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HERMIONE KELLY IVY WINTER, formerly known as David Allen Allemandi, | : : : |
| Plaintiff, | : : |
| v. | : Civ. No. 16-890-LPS : |
| MONICA MILLS, et al., | : : |
| Defendants. | : : |

| | |
|---|---|
| HERMIONE KELLY IVY WINTER, | : : |
| Plaintiff, | : : |
| v. | : Civ. No. 18-351-LPS : |
| CHRISTOPHER SENATO, et al., | : : |
| Defendants. | : |

## MEMORANDUM ORDER

At Wilmington this 16th day of May, 2018,

Plaintiff Hermine Kelly Ivy Winter ("Plaintiff") has filed numerous lawsuits. Many contain identical or similar allegations against the same defendants. The cases include Civ. Nos. 16-890-LPS, 17-1322-LPS, 17-1432-LPS, and 18-351-LPS. In the filings, Plaintiff raises religious diet claims, medical needs claims that include hormone replacement therapy, failure to protect claims, and grievance claims, all in alleged violation of her civil rights pursuant to 42 U.S.C. § 1983. In all cases, Plaintiff proceeds *pro se* and has been granted *in forma pauperis* status. The Court has reviewed the complaints in these cases and will consolidate cases and issues to more effectively manage Plaintiff's actions.

1

The complaints in the two-above captioned cases involve the same or similar allegations against many of the same defendants, and more particularly, religious diet and grievance claims. (*See* Civ. No. 16-890-LPS at D.I. 27; Civ. No. 18-351-LPS at D.I. 1)

Federal Rule of Civil Procedure 42 provides for consolidation "[w]hen actions involv[e] a common question of law or fact ... to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). "District courts have the inherent authority to order consolidation *sua sponte*." *Plimpton v. Cooper*, 141 F. Supp. 2d 573, 575 (W.D. N.C. 2001) (citing *Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444 (4th Cir. 1999)). Both complaints concern common questions of law and fact with regard to Plaintiff's religious diet and grievance claims. All other remaining claims raised will be dismissed as they are raised in other actions filed by Plaintiff.

IT IS THEREFORE ORDERED that:

1. Civil Action Nos. 16-890-LPS and 18-351-LPS are **CONSOLIDATED** for all purposes.

2. The caption of the Consolidated Action is as follows:

---

| HERMIONE KELLY IVY WINTER, | : |
|---|---|
| Plaintiff, | : |
| | : **CONSOLIDATED** |
| v. | : Civ. No. 16-890-LPS |
| | : |
| MONICA MILLS, et al., | : |
| Defendants. | : |

---

3. The amended complaint filed in Civil Action No. 16-890-LPS at D.I. 27 and the complaint filed in Civil Action No. 18-351-LPS at D.I. 1, together, will stand as the complaint in this

Consolidated Action insofar as they raise religious diet and grievance claims. All other remaining claims raised are DISMISSED as they are raised in other actions filed by Plaintiff.

4. All documents previously filed to date in the cases consolidated herein are deemed filed and are part of the record in the Consolidated Action.

5. Hereafter, court pleadings and documents shall be filed **only** in Consolidated Civil Action No. 16-890-LPS. The Court will not accept pleadings filed in Civil Action No. 18-351-LPS.

6. On or before **June 15, 2018**, Plaintiff shall file an amended complaint in this consolidated case that contains in one pleading all religious diet and grievance claims and all Defendants against whom the claims are raised. Upon its filing, the amended complaint will be screened pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(A). **Plaintiff is placed on notice that her failure to timely file an amended complaint will result in dismissal of this consolidated case. Plaintiff is further placed on notice that only religious diet and grievance claims may be raised in the amended complaint and the Court will strike any other newly-added claims.**

IT IS FURTHER ORDERED that:

1. Plaintiff's motion for an extension of time to file an amended complaint (Civ. No. 16-890-LPS at D.I. 26) is DENIED as moot.

2. Plaintiff's requests for counsel (Civ. No. 16-890-LPS at D.I. 29 and Civ. No. 18-351-LPS at D.I. 4) are DENIED without prejudice to renew. Plaintiff seeks counsel on the grounds that she does not have the ability to present her own case, she is unskilled in the law and the issues are complex, the case may turn on credibility determinations, expert witnesses will be necessary, she cannot attain and afford counsel on her own behalf, and she has mental incompetency and a physical disability.

3. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155; *see also Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989)(§ 1915(d) (now § 1915(e)(1)) does not authorize federal court to require unwilling attorney to represent indigent civil litigant, operative word in statute being "request").

4. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

5. Here, Plaintiff makes bald makes bald allegations of mental illness, but has failed to submit any verifiable evidence of incompetence to this Court. Thus, in accordance with *Powell v. Symons*, 680 F.3d 301 (3d Cir. 2012), this Court has no duty to conduct a *sua sponte* determination of competency under Rule 17(c)(2).

6. In addition, assuming solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting her request

4

for counsel. To date, Plaintiff has shown the ability in to represent herself in this case. Also, reviewing Plaintiff's claims, the Court concludes that they are not so factually or legally complex that requesting an attorney is warranted. In light of the foregoing, the Court will deny without prejudice to renew Plaintiff's request for counsel. Should the need for counsel arise later, one can be sought at that time.

7. Plaintiff's motion to consolidate cases (Civ. No. 16-890-LPS at D.I. 30) is DENIED. Plaintiff seeks to consolidate Civ. No. 16-890-LPS with Civ. No. 17-1432-LPS, not with Civ. No. 18-351-LPS.

8. Plaintiff's motion to lower the fee percentage or stay the cases (Civ. No. 16-890-LPS at D.I. 31) and motion for a fee reduction (Civ. No. 18-351-LPS at D.I. 11) are DENIED. Plaintiff filed these cases and she is required by 28 U.S.C. § 1914 and § 1915 to pay the filing fee owed as set forth in the statute's calculation of filing fee payments.

9. Plaintiff's motion to add defendants, construed as a motion to amend (Civ. No. 16-89-LPS at D.I. 53), is DENIED as moot. As set forth above, Plaintiff has been given leave to file an amended complaint in this consolidated case.

10. Plaintiff's motions for "deprivmation of character" (Civ. No. 16-890-LPS at D.I. 55 and Civ. No. 18-351-LPS at D.I. 17) are DENIED. Plaintiff complains that she receives no medical treatment despite her diagnosis and grievances submitted. She takes exception to the denial of her grievance. An inmate does not have a "free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. Aug. 18, 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE