IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HERMIONE KELLY IVY WINTER,           :
                                      :
      Plaintiff,                     :
                                      : **CONSOLIDATED**
v.                                    : Civ. No. 16-890-LPS
                                      :
MONICA MILLS, et al.,                 :
                                      :
      Defendants.                    :

---

Hermione Kelly Ivy Winter, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

March 21, 2019
Wilmington, Delaware

[signature]

**STARK, U.S. District Judge:**

**I. INTRODUCTION**

Plaintiff Hermione K. I. Winter ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed an Amended Complaint in this consolidated action pursuant to 42 U.S.C. § 1983[1] and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, *et. seq*. (D.I. 59) She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to review and screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

**II. BACKGROUND**

In the May 16, 2018 Consolidation Order, Plaintiff was ordered to file an Amended Complaint that contained in one pleading all religious diet and grievance claims and all Defendants against whom the claims were raised. (D.I. 56) Plaintiff filed an Amended Complaint on May 30, 2018, raising those claims. (D.I. 59) She also filed a motion for reconsideration of the May 30, 2018 Order asking to raise a religious item claims and a medical claim because her diet violated her religious beliefs and caused unwarranted medical issues. (D.I. 57) Plaintiff also requests counsel, asks that Defendant Carla Miller Cooper be voluntarily dismissed, and seeks voluntary dismissal of the Amended Complaint on the condition that the Court order waiver of the filing fee. (D.I. 60, 66, 68)

Plaintiff is a "hereditary witch" whose religion includes eating "true vegetarian." (D.I. 59 at 9) She has practiced her religion since birth. (*Id.*) Plaintiff alleges that if she does not follow the diet, it "violates the charge given by the Goddess and God." (*Id.*) Plaintiff also alleges she is not

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived her of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

treated humanely during the grievance process, complains of the manner in which grievances are handled, and complains that certain grievances are deemed non-grievable, all in violation of her constitutional rights. (*Id.* at 17-26) In addition, she alleges that she is not provided a religious diet, another violation of the Constitution. (*Id.* at 27-34) Plaintiff alleges that the Chaplain's office and the Warden approved her request for a religious diet, and she should be receiving the diet, but she is not. (*Id.* at 29)

Plaintiff then describes a "blame game" and alleges that Defendants Food Services Director Christopher Senato ("Senato") and Food Services employee Douglas E. Rose ("Rose") insist that medical is blocking the diet because it causes Plaintiff medical issues, while Defendant Dr. Gardner ("Dr. Gardner") indicates that medical is not blocking the diet and has encouraged Senato to provide Plaintiff the diet requested to solve religious and medication problems. (*Id.*) In addition, Plaintiff alleges that Treatment Administrator James Simms ("Simms") blames Senato, and Senato states that it is Simms' responsibility to get Plaintiff her needed food. (*Id.*)

She seeks compensatory and punitive damages, as well as injunctive relief. (D.I. 59 at 40)

## III.  LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally

2

construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to

3

state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Motion for Reconsideration

Plaintiff seeks reconsideration of the Consolidation Order to add claims of denial of religious items and the "switched diet" that caused medical problems. (D.I. 57) The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

4

Plaintiff's motion fails on the merits because she has not set forth any intervening changes in the controlling law; new evidence; or clear errors of law or fact made by the Court in delineating the issues Plaintiff could include in her Amended Complaint. *See Max's Seafood Café*, 176 F.3d at 677. Plaintiff has failed to demonstrate any of the aforementioned grounds warranting reconsideration. For these reasons, the motion for reconsideration will be denied. (D.I. 57)

### B. Request for Counsel

Plaintiff requests counsel on the grounds that she is mentally incompetent, she does not have the ability to present her own case, she is unskilled in the law and the issues are complex, the case may turn on credibility determination, expert witnesses will be necessary, she cannot attain and afford counsel on her own behalf, counsel would serve the best interest of justice, and her allegations if proved would establish a constitutional violation. (D.I. 60)

Federal Rule of Civil Procedure 17(c)(2) provides that "[t]he court must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." The United States Court of Appeals for the Third Circuit has determined that the district court has a responsibility to inquire *sua sponte* under Rule 17(c)(2), whether a *pro se* litigant is incompetent to litigate her action and, therefore, is entitled to either appointment of a guardian ad litem or other measures to protect her rights. *See Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012).

The Court considers whether Rule 17(c) applies "[i]f a court [is] presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court receive[s] verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Powell*, 680 F.3d at 307 (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)). The Court "need not inquire *sua sponte* into

5

a *pro se* plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity." *Id.* at 303 (citations omitted). The decision whether to appoint a next friend or guardian ad litem rests within the sound discretion of the district court. *See Powell*, 680 F.3d at 303.

In the instant action, Plaintiff makes bald allegations of mental illness, and she has not submitted any verifiable evidence of incompetence to this Court. Thus, this Court has no duty to conduct a *sua sponte* determination of competency under Rule 17(c)(2).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498 99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155 56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

---

[2] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize federal court to require unwilling attorney to represent indigent civil litigant, as operative word in statute is "request").

6

After reviewing Plaintiff's request, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this case demonstrate Plaintiff's ability to articulate her claims and represent herself. The docket reflects that, as ordered, Plaintiff appropriately filed an amended complaint in a timely manner. In addition, this case is in its early stages, and Defendants have not yet been served. Thus, in these circumstances, the Court will deny without prejudice to renew Plaintiff's request for counsel. (D.I. 60)

### C. Motion to Voluntarily Dismiss

Plaintiff has filed two motions to voluntarily dismiss; one motion seeks to dismiss Defendant Carla Miller Cooper ("Cooper") and the other seeks to voluntarily withdraw the case with conditions. (D.I. 66, 68) The Court construes the second motion as a motion to voluntarily dismiss the case. (D.I. 68) Plaintiff explains that the prison is now meeting, or has agreed to meet, her religious needs, including diet, and it is in the process of fixing the wrongs in the grievance system. (*Id.*)

More recently, however, Plaintiff advised that the motion to voluntarily dismiss (D.I. 74) is moot as her religious needs are not being met. (*See* D.I. 74) She asks to be allowed to amend her initial claim.

The Court will deny the motion to amend without prejudice. As discussed below, Plaintiff is allowed to proceed with her religion claims. The Court will grant the motion to voluntarily dismiss Cooper. (D.I. 66)

### D. Grievances

The Amended Complaint contains numerous allegations directed towards the grievance process at the VCC. In her Amended Complaint, Plaintiff acknowledges that she does not have a constitutional right to an effective grievance process. Nonetheless, she raises the claims.

7

The filing of prison grievances is a constitutionally protected activity. *See Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. Nov. 7, 2006). To the extent that Plaintiff bases her claims upon her dissatisfaction with the grievance procedure or denial of her grievances, the claims fail because an inmate does not have a "free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. Aug. 18, 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Additionally, any complaints regarding the investigation of grievances do not state a constitutional claim. *See Gay v. Shannon*, 211 F. App'x 113, 116 (3d Cir. Dec. 22, 2006). Finally, the denial of grievance appeals does not in itself give rise to a constitutional claim, as Plaintiff is free to bring a civil rights claim in District Court. *See Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. July 28, 2009) (citing *Flick*, 932 F.2d at 729).

Plaintiff cannot maintain a constitutional claim based on her perception that her grievances were not properly processed, that they were denied, or that the grievance process is inadequate. Therefore, the Court will dismiss all grievance claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### E. Religion

Plaintiff alleges she has been denied the right to exercise her religion because she is not provided a religious diet that has been approved by both the Warden and the Chaplain.

Prisoners have a First Amendment right to practice their religion. *See Bell v. Wolfish*, 441 U.S. 520, 545 (1979). When a prisoner claims that her right to exercise religion has been curtailed, a court must determine as a threshold matter whether the prisoner has alleged a belief that is "both sincerely held and religious in nature." *DeHart v. Horn*, 227 F.3d 47, 51 (3d Cir. 2000). If so, the court must then apply the four-factor test set forth in *Turner v. Safley*, 482 U.S. 78 (1987), to determine whether the curtailment at issue is "reasonably related to penological interests," *DeHart*, 227 F.3d at 51. At this juncture, the Court finds that Plaintiff has adequately alleged a free exercise

8

of religion claim against Senato, Rose, Dr. Gardner, and Simms. She will be allowed to proceed against them on this First Amendment claim.

To state a claim under RLUIPA, an institutionalized person must allege a "substantial burden on [her] religious exercise." 42 U.S.C. § 2000cc-1. Under RLUIPA, "[a] plaintiff-inmate bears the burden to show that a prison institution's policy or official practice has substantially burdened the practice of that inmate's religion." *Washington v. Klem*, 497 F.3d 272, 278 (3d Cir. 2007). Again, at this juncture, the Court finds that Plaintiff has adequately alleged a RLUIPA claim against Senato, Rose, Dr. Gardner, and Simms. She will be allowed to proceed against them on this claim. Plaintiff, however, cannot maintain a RLUIPA action for monetary damages against Defendants in their individual or official capacities as RLUIPA does not permit actions for damages against state officials in their individual capacities, *see Sharp v. Johnson*, 669 F.3d 144, 1534 (3d Cir. 2012), or in their official capacities by reason of Eleventh Amendment immunity, *see Sossamon v. Texas*, 563 U.S. 277, 293 (2011). Sovereign immunity thus bars any claims for damages against Defendants. The only relief potentially available under RLUIPA is injunctive or declaratory relief, which Plaintiff appears to seek. *See Payne v. Doe*, 636 F. App'x 120, 125 (3d Cir. Jan. 12, 2016).

### F.  Law Library Access

Plaintiff filed a letter indicating that she has very limited law library access. (D.I. 77) She makes several complaints about inadequate access and the lack of available forms, and claims she is not allowed to e-file or file any DOC rule or policy with the courts. Most of her complaints are directed to another case Plaintiff has pending in this court, Civ. No. 17-1280-LPS.

Persons convicted of serious crimes and confined to penal institutions retain the right of meaningful access to the courts. *See Bounds v. Smith*, 430 U.S. 817 (1977). This access "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the

9

law." *Id.* at 828. This right "must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989) (quoting *Turner v. Safley*, 482 U.S. 78, 85 (1987). Thus, courts have been called upon to review the balance struck by prison officials between the penal institution's need to maintain security within its walls and the rights of prisoners. *See Howard v. Snyder*, 389 F. Supp. 2d 589, 593 (D. Del. 2005).

Plaintiff is required to have at least access to a prison paralegal or paging system by which to obtain legal materials. *See Abdul-Akbar v. Watson*, 4 F.3d 195, 203 (3d Cir.1993) (holding that segregated prisoners who do not have access to institution's main law library must have some means by which documents and materials can be identified by and furnished to them in timely fashion). Plaintiff's letter indicates that she is not being deprived of access to the law library. Rather, her access is limited. The Court takes note of this complaint but, at this time, Plaintiff's letter does not warrant action by the Court. Therefore, the motion will be denied.

## V. CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's motion for reconsideration (D.I. 57); (2) deny without prejudice to renew Plaintiff's request for counsel (D.I. 60); (3) grant Plaintiff's motion to voluntarily dismiss Defendant Carla Miller Cooper (D.I. 66); (4) deny as moot Plaintiff's motion to voluntarily dismiss the case (D.I. 68); (6) deny without prejudice Plaintiff's motion to amend (D.I. 74); (7) deny Plaintiff's motion for law library access; (8) allow Plaintiff to proceed with the First Amendment religion and RLUIPA claims against Defendants Senato, Rose, Dr. Gardner, and Simms; and (9) dismiss the grievance claims and remaining Defendants as frivolous pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

An appropriate Order will be entered.

10