IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HERMIONE KELLY IVY WINTER,　　　　:
　　　　　　　　　　　　　　　　　:
　　　　Plaintiff,　　　　　　　　:
　　　　　　　　　　　　　　　　　: **CONSOLIDATED**
v.　　　　　　　　　　　　　　　　: Civ. No. 16-890-LPS
　　　　　　　　　　　　　　　　　:
JAMES (JIM) SIMMS, et al.,　　　　:
　　　　　　　　　　　　　　　　　:
　　　　Defendants.　　　　　　　 :

### MEMORANDUM ORDER

At Wilmington this **4th** day of **October, 2019,**

IT IS ORDERED that: **(1)** Dr. Gardner is **dismissed** as a defendant; **(2)** Plaintiff's motion for extraordinary circumstances extension or stay of proceedings and response to premature motion to dismiss based upon failure to exhaust and motion for production of documentation for preparation of response and motion for TRO (D.I. 98) is **granted** in part and **denied** in part; **(3)** on or before **November 4, 2019,** Defendants shall produce to Plaintiff all grievances she has submitted since June 27, 2016, including unprocessed and rejected grievances (to the extent they were not attached to the Appendix to Defendants' motion to dismiss) so that Plaintiff may respond to Defendants' motion to dismiss; **(4)** Plaintiff shall file her response to Defendants' motion to dismiss on or before **December 4, 2019,** and Defendants shall file their reply, if any, within fourteen days following Plaintiff's response, all for the following reasons:

1.　　**Introduction.** Plaintiff filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6)

2.　　**Dr. Gardner.** To date, Defendant Dr. Gardner ("Dr. Gardner") has not been served. On July 8, 2019, the Court entered an Order for Plaintiff to properly identify Dr. Gardner so that this defendant could be served. (D.I. 94) Plaintiff was given 60 days from the date of the

1

Order. She did not comply or respond to the Order in any fashion. Therefore, Dr. Gardner will be dismissed as a defendant.

3. **Combined Motion.** Plaintiff's motion filed on August 26, 2019 is a combined motion that seeks relief in a number of areas. (D.I. 98) Each are addressed in turn.

4. **Stay.** Plaintiff seeks a lengthy extension or stay of proceedings until "the cruelty" is fixed. The Court declines both requests and will deny this portion of the motion.

5. **Injunctive Relief.** Plaintiff seeks an order: (1) precluding Defendants from transferring her from her current housing assignment to any other tier or building where she fears for her life; (2) preventing Defendants from placing her on what she calls "false PCO" (*i.e.*, psychiatric close observation); and (3) removing her current cellmate. In essence, Plaintiff seeks injunctive relief even before the merits of her case are resolved.

6. A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Hence, prison administrators are accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. *See Bell v. Wolfish*, 441 U.S. 520, 527 (1979).

2

7. The federal courts are not overseers of the day-to-day management of prisons. The Court will not interfere in the Department of Correction's selection of Plaintiff's cellmate and where to house her or with medical personnel's determination of when to place Plaintiff on PCO status. Moreover, it is Plaintiff's burden to prove she is entitled to injunctive relief, and the Court finds that Plaintiff has failed to meet the prongs necessary for injunctive relief.

8. **Discovery Requests.** Plaintiff asks the Court to order Defendants to produce: (1) all medical and mental health documents; (2) all of her grievances including unprocessed and rejected grievances since June 27, 2016; and (3) all notes entered into the prison computer from June 2017 that concern Plaintiff. The Court will order Defendants to produce to Plaintiff all grievances she has submitted since June 27, 2016, including unprocessed and rejected grievances (to the extent they were not attached to the Appendix to Defendants' motion to dismiss) so that Plaintiff may respond to Defendants' motion to dismiss, given that the basis for dismissal is Plaintiff's alleged failure to exhaust her administrative remedies as required under the Prison Litigation Reform Act. All other discovery requests will be denied as premature. A scheduling and discovery order has not yet been entered.

9. **Conclusion.** The Court will: (1) dismiss Dr. Gardner as a defendant; and (2) grant in part and deny in part Plaintiff's combined motion (D.I. 98).

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE